IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEVEN GEORGE FAIR, | ) | |
| Plaintiff, | ) | Case No. CV07-1070-HU |
| vs. | ) | |
| SPORTSMANS WAREHOUSE et al. | ) | OPINION AND ORDER |
| Defendants. | ) | |

KING, District Judge:

George Fair has filed an application to proceed without prepayment of fees.

The application recites that in 2003, Fair tendered "250.00 silver specie Coin Dollars Legal Tender of the united States of America and Eagles" to the district court "upon the order of Ancer Haggerty for an action." Application, p. 1. The application continues,

> It was reported by the clerk of the court that Mr. Haggerty did engage a metals speculator to exchange the money having congressional 'Value' for valueless federal reserve notes via what appeared to be unjust enrichment and illicit gain. Reality is that a corporate enfranchisee was required to tender 250 valueless federal reserve notes for justice, and Plaintiff was required to

OPINION AND ORDER Page 1

> tender 250 Dollars as legislatively defined by Congress for 'Value' for the several States Union, Article I, sec. 8, cls. 5. Ancer Haggerty did speculate with a metals trader with said silver specie money of We the People and create between 1000 and 1600 federal reserve notes as a tally in unbalanced books. The chief judge of the 9th circuit refused to sanction Mr. Haggerty in a slam patriot dunk. Nor would congress, or the General Accounting Office sanction Mr. Haggerty.

Id. at 1-2. The application states further that Fair cannot, in good conscience, "Tender silver specie Coin Legal Tender from the Mint because he has been destroyed by the democracy's use of Nash's Non Co-operative Game theory abuse via the Banking Act of 1913 and Nixon destruction of the base 'value' for the Currency Cases which established that a Federal Reserve Note could be exchanged for a Thing that could be exchanged for a Dollar quid pro quo."

Mr. Fair's submission states that he is not currently employed, but that at some unspecified time he "took benefit of approximately 1800 frn tally per month gross gain, Rainbow Finishes, Oregon City, Oregon." The application states further that he has no rents, interest or dividends, no pensions, annuities, or "limited liability insurance," no "benefit of this state, disability or compensation," no gifts or inheritances, and no other sources of money. Fair states further that he has no checking or savings as "no bank opens an account for someone who the federal union of states will not represent SSN via SS-5." Plaintiff states that he owns $21 and a 1931 Chrysler worth approximately $200 and that he supports "no Man, Woman, or Child."

An examination of Mr. Fair's application indicates that he is unable to afford the costs of this action. Accordingly, IT IS

OPINION AND ORDER Page 2

ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. This action may go forward without the payment of fees or costs. However, for the reasons set forth below, plaintiff's Complaint is dismissed, without service of process, on the basis that it fails to state a claim.

The caption on the first document filed this case shows three different case numbers, two from the District of Oregon, 07-9115-KI, and the present case, 07-1070-HU. The third case number in the caption is designated as one for the United States District Court for Colorado, 07-1271-WDM.

In case No. 07-9115-KI, the named parties are plaintiff Steven George Fair and Sportsmans Warehouse, Stephen C. LeBlanc, Angler Art, and Ducks Unlimited as defendants. The case was commenced by means of a document filed by plaintiff on May 16, 2007, identified as a "Motion for Pre-Complaint Discovery." (Doc. # 1). I denied the motion on May 25, 2007, (doc. # 2), and denied plaintiff's Motion for Reconsideration on June 21, 2007 (doc. # 4).

The parties named in this case, 07-1070-HU, are plaintiff Fair and defendants Sportsmans Warehouse, Stephen LeBlanc, Stuart Utgaard, and John Does 1-99. The initiating document filed in this case is designated as a "Motion to Join Actions." Other documents are attached to the motion to join actions, designated as "Special Matter FRAP Rule 9," and "Motion to Dismiss FRAP Rule 12."

The motion to join actions recites as follows:

1. Plaintiff sent four pictures of his sculptures to Stu Utgaard, after Mr. Utgaard was recommended to plaintiff

OPINION AND ORDER Page 3

| | |
|---|---|
| | by a Sportsmans Warehouse manager during a show in Reno, Nevada. |
| 2. | Plaintiff subsequently discovered a sculpture titled "I'm the Boss," in front of the Sportsmans Warehouse store in Portland, Oregon. The sculpture had a bronze plate attributing the sculpture to Stephen LeBlanc. |
| 3. | Plaintiff sent an e-mail to LeBlanc with the statement that he believed "I'm the Boss" and another sculpture, "The Challenger," infringed plaintiff's sculpture "Royal Entrance." |
| 4. | Mr. LeBlanc responded that plaintiff's sculpture was an infringement of LeBlanc's piece titled "Looking for Trouble." |
| 5. | Sportsmans Warehouse filed a complaint in the United States District Court for the District of Colorado, a complaint that "remains deficient pursuant to Plaintiff's motions under FRAP 9 and FRAP 12 no matter how many times it is illegitimately served by process server in abuse of Rule 4 causing substantive injury and interference with International Trade." |
| 6. | "[t]he action before the U.S. District Court for the District of Colorado appears as an illegitimate action attempting to circumvent defendants' trespass on Oregon with "I'm the Boss." Plaintiff's Oregon Action has precedence and is superior to all of defendants' abuse of Rule 4, including falsification of service of summons |

OPINION AND ORDER Page 4

that never occurred in Oregon."

7. "Defendants know that Plaintiff, as the Sovereign, cannot enter into commercial aircraft for travel because he takes benefit of no corporate 28 U.S.C. 3001(15) I.D., or I.D. from the federal district of Oregon territorial power under Article I, sec. 8, cls. 17, and/or Article IV, sec. 3, cls. 2."

As relief, plaintiff seeks to "join Plaintiff's Complaint, and defendants illegitimate actions in the Federal district Court for Oregon so as to prevent a substantive loss of Endowments and Due Process secured in allodium in Plaintiff."

Other documents attached to the motion to join are a motion requesting a stay of the actions of the Colorado District Court "until such time as the Oregon Court, and the Colorado court determine the proper seat for this controversy," and a "Demand for the court to order plaintiff to involuntary political status in violation of Title 8 United States Code." This latter demand states that

> Due to Plaintiff's deeply held religious beliefs and training, Plaintiff believes that the names used by defendants LeBlanc and Sportsmans Warehouse in their various complaints are attempts at corporate conversion via roman civil law, and the voluntary political act 14th amendment for congressional legislative slaves resident over the several States upon a skulduggery called 'district of Oregon' 'district of Colorado' ie; federal 14th amendment corporate enfranchisee citizenship within the district of Columbia, and residence for corporate business in one of the 'zones' created by the Reconstruction Acts of 1867.

Title 8 Motion, ¶ 1. The document asks that this court

///

OPINION AND ORDER Page 5

> create a Title 8 Controversy by Order compelling Plaintiff to Answer for an illegitimate corporate enfranchisee STEPHEN G. FAIR, or Order defendants to amend their complaints and file them in the district Court for the united States of America Oregon as the conditions precedent of the prior and supersedeous case filed by Steven George Fair prior to this fallacious Motion for Declaratory Judgment in the federal territorial district of Colorado by abuse of corporate power.

Id. at ¶ 5.

Pursuant to the federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915(d), the court is authorized to dismiss an *in forma pauperis* complaint before service of process if satisfied that the action fails to state a claim for which relief may be granted, or is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); Neitzke v. Williams, 490 U.S. 319, 327 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325.

The court construes plaintiff's motion to join actions as a request to consolidate the Colorado action and the present action. The court has no discretion to consolidate an action in the District of Oregon with an action in the District of Colorado, and declines to do so. *Compare* Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989)(district court has broad discretion to consolidate cases pending in the same district).

Plaintiff's filings in the present case do not indicate the nature of the Colorado action, the alignment of the parties, or its procedural posture. This court has no means of determining whether Sportsmans Warehouse, LeBlanc, or Utgaard, the named defendants in this case, or defendants "John Doe 1-99," are subject to personal

OPINION AND ORDER Page 6

jurisdiction in the District of Oregon, or whether venue is properly laid in this district.

Plaintiff's filing captioned "Demand for the court to order plaintiff to involuntary political status in violation of Title 8 United States Code" is frivolous and without merit.

The motion to proceed *in forma pauperis* is GRANTED; the motion to join actions is DENIED. The motion dealing with ordering plaintiff to involuntary political status is DENIED. The action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this __22nd____ day of ___October_____, 2007.

/s/ Garr M. King

---

Garr M. King
United States District Judge

OPINION AND ORDER Page 7